## Pratt v. Best Builders of Pennsylvania Inc.

150

*David Patten,* for plaintiff.
*Ronald Nagle,* for defendant.

O'DONNELL, *J.,* September 23, 1977—Here a defendant-builder seeks to strike off a discontinuance of an action filed by plaintiff-homeowner to recover contract damages claimed to arise out of defective construction of their residence.

Plaintiffs filed this action claiming damages within the then existing $2,000 arbitration limit and won an award. Defendant appealed that award, and while the appeal was pending, plaintiff obtained leave of court to amend increasing his claim to $7,216.08, an amount beyond that $2,000 arbitration limit, that leave of court, however, being conditioned upon the payment of defendant's costs.

Instead of doing this, plaintiff merely filed a second action for the same claim, which upon defendant's preliminary objections was struck off because of the pendency of the first action.

Plaintiff then discontinued the first action, "without prejudice" and filed a third action. Defendant now petitions to strike off that discontinuance, urging this court to find the voluntary discontinuance "highly prejudicial" to defendant. Defendant's petition does not say how the discontinuance is "highly prejudicial," nor does defend-

ant plead "unreasonable inconvenience, vexation, harassment, expense . . ." Pa. R.C.P. 229(c).

To strike off the discontinuance, however, would be far more prejudicial to plaintiff, as it would have the effect of putting him out of court altogether, than the discontinuance, left to stand, is prejudicial to defendant, for defendant is adequately protected by Pa. R.C.P. 231, which requires that plaintiff pay the costs of the first action. The payment of those costs will place the parties in statu quo ante.

## ORDER

And now, September 23, 1977, the rule entered by this court on May 10, 1973, to show cause why the discontinuance should not be stricken off is discharged.